UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHRYN I. MICKELSON WURM,

        Plaintiff,        Civil No. 05-642-HA

        v.        OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

HAGGERTY, Chief Judge:

    Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act), seeking judicial review of a final decision of the Commissioner of the Social

1 - OPINION AND ORDER

Security Administration (SSA) denying her application for Social Security Disability Insurance Benefits (DIB).

Plaintiff seeks an Order reversing the decision of the Commissioner and remanding this action for an award of benefits. For the reasons provided below, the Commissioner's decision is affirmed.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB in December 2001, alleging a disability onset date of July 1, 2000. Administrative Record 48 (subsequent references to the Administrative Record will be designated by "AR" followed by the page number). The application was denied initially and upon reconsideration. An administrative hearing was held on December 10, 2003, and on January 30, 2004, the Administrative Law Judge (ALJ) issued a decision finding that plaintiff had severe impairments under the Act, but retained the residual functioning capacity (RFC) to perform a modified range of sedentary work. AR 14, 17. Based on this finding, the ALJ concluded that plaintiff could not perform her past relevant work but could perform substantial gainful activity in jobs existing in significant numbers in the national economy. AR 17.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. 20 C.F.R. §§ 404.981, 422.210; *see also Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988).

**BACKGROUND**

Plaintiff was fifty-two years old at the time of the hearing. At the time of the alleged onset of disability, she had twenty-five years of past relevant work experience as a registered nurse, charge nurse, and director of nursing. AR 82, 277.

Plaintiff suffers from chronic back pain. Magnetic imaging taken in the fall of 2000 revealed severe degenerative disc disease at L4 and severe degenerative facet disease at L5-S1. AR 153. In November 2000, plaintiff underwent lumbar surgery to address those conditions. AR 148. In December 2000 plaintiff's treating physician noted the results of her surgery were satisfactory and her back pain was improving. AR 147.

At the hearing before the ALJ, plaintiff testified that despite the surgery, she is unable to work due to disabling back pain. Plaintiff asserts that the pain limits her ability to sit, stand, or walk for greater than thirty minutes, and affects her concentration. AR 72, 291. The ALJ found this testimony to be inconsistent with plaintiff's reports to doctors, the opinions of her treating physician, and her daily activities. AR 15. Plaintiff does not dispute this finding.

In attempting to determine whether plaintiff was eligible for DIB, the ALJ posed the following hypothetical question to a Vocational Expert (VE): a forty-eight year old individual with twenty-five years of nursing experience who can lift a maximum of ten pounds; can walk no more than thirty minutes at any one time, not to exceed two hours total in a workday; and can occasionally engage in any climbing, stooping, kneeling, crouching or crawling. AR 304-05. Given these limitations, the ALJ asked the VE whether an individual

could perform plaintiff's past relevant work or other work in the national economy. The VE responded that such an individual could not work in plaintiff's past relevant work, but could work as a nurse recruiter or a utilization review contractor nurse. AR 305. The VE testified that in Oregon there are approximately 2,000 utilization review contractor nurses, and that there are approximately 2,000,000 total nursing jobs in the national economy. AR 303. The VE was not questioned about the number of nurse recruiters existing in the local or national economy.

## **STANDARDS**

A person may be eligible for DIB if he or she has insured status under the Act and suffers from a physical or mental disability. 42 U.S.C. § 423(a)(1).

A claimant is disabled for purposes of the Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is so severe that he or she "is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB payments. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If so, disability benefits are denied. If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant does not, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to any of a number of impairments that the Commissioner acknowledges to be so severe that they are presumed to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e).

If the claimant is unable to perform work which he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The claimant is entitled to disability benefits if he or she is not able to perform any other work. 20 C.F.R. §§ 404.1520(f).

The claimant bears the initial burden of establishing his or her disability. In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. At step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her functional capacities and age, education and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act. 20 C.F.R. §§ 404.1520(f)(1).

The Commissioner has an affirmative duty to develop the record. 20 C.F.R. §§ 404.1512(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). In this sense, the proceedings are not adversarial and the Commissioner shares the burden of proof with the claimant at all stages. *Id*.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quotation and citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Id*.

The Commissioner's decision must be upheld even if "the evidence is susceptible to more than one rational interpretation." *Id*. (quotation and citation omitted). The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).

## **FINDINGS**

At Step One, the ALJ found that plaintiff had not engaged in substantially gainful employment since the alleged disability onset date of July 1, 2000. AR 17. At Step Two, the ALJ found that plaintiff had severe medically determinable impairments including degenerative disc disease and degenerative joint disease. AR 14. The ALJ determined that plaintiff's complaint of depression was not severe within the meaning of the Act. *Id.* At Step Three, the ALJ found that plaintiff's mental and physical impairments did not meet or equal any of the listed impairments. *Id.* The ALJ noted that plaintiff had the RFC for a modified range of sedentary exertion, with postural, manipulative, and durational limitations. AR 16. The ALJ found that plaintiff retained the RFC to lift and carry up to ten pounds maximum, could walk for up to thirty minutes at a time for two hours total in an eight-hour workday, and could occasionally climb, stoop, kneel, crouch, or crawl. *Id.* Based on the foregoing, the ALJ determined at Step Four that plaintiff could not return to her past relevant work. At Step Five, after questioning the VE, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy, such as utilization review contractor nurse and nurse recruiter, and that, therefore, plaintiff was not disabled within the meaning of the Act. AR 17.

**QUESTIONS PRESENTED**

Plaintiff asserts that the ALJ erred in: (1) failing to identify plaintiff's transferable skills; (2) failing to resolve the conflict between the testimony of the VE and the Dictionary of Occupational Titles (DOT) regarding the position of utilization review contractor nurse; and (3) concluding that plaintiff is capable of working at 2,000,000 jobs in the national economy.

**ANALYSIS**

Plaintiff alleges that the ALJ's finding that plaintiff had transferable skills was in error because it failed to follow Social Security Ruling 82-41, which requires identification of the specific skills that are transferable. Pl's Opening Brief at 10. Although the ALJ's ruling omitted plaintiff's transferable skills, the ALJ specifically adopted the VE's testimony that an individual with plaintiff's education and work experience possessed work-related skills that would transfer to the nurse recruiter and utilization review contractor nurse jobs. AR 17. The VE testified at length identifying and describing those transferable skills. AR 302-09. The finding by the ALJ is supported by "inferences reasonably drawn from the record" and, as such, must be upheld. *Batson*, 359 F.3d at 1193.

Plaintiff also alleges the ALJ erred in adopting the testimony of the VE without properly resolving the conflict between the VE's testimony and the DOT. The ALJ accepted the testimony of the VE that the position of utilization review contractor nurse could be performed by an individual limited to sedentary work, even though the DOT lists the position as light exertion. Plaintiff argues that the ALJ is required by Social Security Ruling 00-4p

(SSR 00-4p) to expressly resolve this conflict, and that failure to do requires a remand for benefits.

The DOT raises a presumption as to job classifications, but that presumption is rebuttable. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). "An ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Id.* at 1435. Evidence sufficient to support such a deviation may be either specific findings of fact regarding the claimant's RFC, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997).

SSR 00-4p requires an ALJ to elicit a reasonable explanation for any conflicts between occupational evidence provided by a VE and information in the DOT. The ALJ must clarify the discrepancy in the opinion only when there is an apparent unresolved conflict between the VE's testimony and the DOT. SSR 00-4p.

Here, the conflict in testimony was not unresolved. The VE testified that despite the DOT listing of light exertion, in her experience the position of utilization review contractor nurse requires only sedentary exertion. AR 303. The VE described the duties performed and skills required for the position and explained how a person with plaintiff's experience and limitations could perform the position. *Id*. The ALJ relied expressly on this testimony of the VE, which constitutes persuasive evidence to support the finding that plaintiff could perform the position of utilization review contractor nurse. The ALJ complied with SSR 00-4p by properly eliciting a reasonable explanation for the conflict.

9 - OPINION AND ORDER

Plaintiff's final argument is that the ALJ erred in concluding that plaintiff could work at 2,000,000 jobs in the national economy. The VE testified that plaintiff could work as a nurse recruiter and utilization review contractor nurse. AR 305. As to the utilization review contractor nurse position, the VE testified that there are 2,000 jobs in Oregon, but that the national economy does not separate the categories of nursing jobs and there are 2,000,000 total nursing jobs in the national economy. AR 303. The VE was not questioned about how many nurse recruiter positions existed in the national or local economy. The ALJ's ruling states that plaintiff could perform the jobs of "utilization review contractor nurse and nurse recruiting (2,000,000 jobs nationally)." AR 17.

Plaintiff correctly asserts that she could not perform each of the 2,000,000 national nursing jobs. The VE testified that there are many sub-categories of nurses within these 2,000,000 jobs and described several sub-categories as requiring greater than sedentary exertion. AR 300-303. The ALJ erred in referring to the number of total nursing jobs available nationally in his ruling. However, the ALJ's finding that plaintiff "is capable of performing substantial gainful activity in jobs that exist in significant numbers in the national economy" is supported by substantial evidence in the record. AR 17.

The VE testified that there are 2,000 utilization review contractor nurse positions in Oregon. The Ninth Circuit Court of Appeals has held that between 1,000 and 1,500 jobs in the regional economy constitutes a significant number within the meaning of the Act. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *see also Barker v. Sullivan*, 882 F.2d 1474, 1479 (9th Cir. 1989) (1,266 jobs in regional economy constitutes significant numbers).

Accordingly, there is substantial evidence in the record to support the finding by the ALJ that plaintiff can perform jobs which exist in significant numbers in the national economy.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED pursuant to 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this __4__ day of April, 2006

    /s/Ancer L.Haggerty

ANCER L. HAGGERTY
United States District Judge